IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES LOUDERMILK, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:24-cv-1866-AT |
| | : | |
| MAELYS COSMETICS USA, INC., | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

In this action arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), Plaintiff alleges that he repeatedly received unwanted telemarketing texts from Defendant to his cell phone. Before the Court is Defendant's Motion to Dismiss. (Doc. 10). After carefully considering this motion, the parties' briefs, and the supplemental authority provided, the Court enters the following Order.

## I.   BACKGROUND

Plaintiff James Loudermilk's cell phone number has been registered on the National Do-Not-Call Registry for over twenty years. (Compl., Doc. 1 ¶ 18). Despite this fact, Plaintiff alleges that Defendant Maelys Cosmetics has sent him numerous unsolicited marketing text messages since 2022. (*Id.* ¶ 21). These text messages

were sent to Plaintiff's cell phone, which he uses for personal, not business purposes. (*Id.* ¶ 17).

For example, Plaintiff received the following text messages from Defendant on December 9, 2022:



(*Id.* ¶ 22).

A week after receiving those messages, Plaintiff contacted Defendant to request that they stop sending him text messages as he never signed up to receive them. (*Id.* ¶ 25). The next day, Defendant acknowledged receipt of Plaintiff's request and notified him that he had been "successfully unsubscribed." (*Id.* ¶ 26).

But Plaintiff continued to receive marketing text messages from Defendant. For example, Defendant sent the following text messages on successive days in November 2023:



(*Id.* ¶ 28). Plaintiff allegedly received over 100 similar telemarking texts from Defendant after Defendant notified him that he had been "successfully unsubscribed." (*Id.* ¶¶ 26, 29).

Thus, Plaintiff filed the instant suit in April 2024, alleging that Defendant violated the TCPA and the Federal Communications Commission's ("FCC") implementing regulations. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)-(d). In

3

Count One, Plaintiff alleges Defendant violated the TCPA by failing to institute required procedures to maintain an internal do-not-call list, as shown by Defendant's continued texting after Plaintiff requested not to be contacted. (Doc. 1 ¶¶ 39-60). In Count Two, Plaintiff alleges Defendant violated the TCPA by sending him marketing text messages despite his cell phone number's registration on the National Do-Not-Call Registry. (*Id.* ¶¶ 61-76). Defendant now moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). (Doc. 10).

## II.   LEGAL STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Bell Atlantic v. Twombly,* 550 U.S. 544, 555-56 (2007); Fed. R. Civ. P. 12(b)(6). The plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly,* 550 U.S. at 555)); Fed. R. Civ. P. 8(a). In ruling on a motion to dismiss, the court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *See Hill v. White,* 321 F.3d 1344, 1335 (11th Cir. 2003).

A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S 662, 678 (2009). A plaintiff is not required to provide "detailed factual allegations" to survive dismissal, but the

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Id.* at 556. A complaint may survive a motion to dismiss for failure to state a claim even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." *Id.*

## III.  DISCUSSION

Defendant moves to dismiss the Complaint based solely on the argument that Plaintiff, a cell phone user, is not protected by the TCPA because the TCPA's do-not-call rules apply only to "residential telephone subscribers," not to cellular telephone subscribers. (Doc. 10 at 3). Defendant argues this is so despite a report and order issued by the FCC in 2003 expressly stating that cell phone users qualify as "residential subscribers" under the TCPA ("2003 FCC Order"). *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Red. 14014, 14038-39 (2003). Defendant asserts that the Court should disregard the FCC's position and the agency's regulation extending the TCPA's protections to wireless subscribers. 47 C.F.R. § 64.1200(e). Instead, Defendant argues the Court should conduct an independent analysis of the TCPA's language to determine whether Congress intended to include cell phone users in its do-not-call rules. (Doc. 10 at 5-6). Ultimately, Defendant advocates for the Court's independent analysis to

result in a finding that "[t]he plain language of the TCPA distinguishes between 'residential' and 'cellular' telephone lines," and that this distinction means the TCPA's protections do not apply to cell phone users. (*Id.*).

Plaintiff, on the other hand, asserts that "[b]inding Eleventh Circuit authority precludes this Court from invalidating any final order" of the FCC. (Doc. 18 at 2). Plaintiff argues that Congress used the term "residential" in Section 227(c) of the TCPA to distinguish such a subscriber from a business or commercial telephone subscriber, not to limit the TCPA's application to certain types of phone lines. (*Id.* at 3). Thus, Plaintiff reasons that even if the Court were to engage in an independent analysis of the 2003 FCC Order, the Court should nevertheless agree with the FCC's interpretation because "the FCC's interpretation of the TCPA is the *best* interpretation." (*Id.*) (emphasis in original).

Plaintiff is correct that up until quite recently, the question of whether a district court in the Eleventh Circuit could independently evaluate, and potentially disagree with, the FCC's interpretation of the TCPA was well-settled. The answer was no – district courts did not have jurisdiction to do so under the Hobbs Administrative Orders Review Act. *See, e.g., Radvansky v. Kendo Holdings, Inc.,* 744 F. Supp. 3d 1314, 1319 (N.D. Ga. 2024) (holding that the 2003 FCC Order was not reviewable, given the Eleventh Circuit's interpretation of the Hobbs Act). But the U.S. Supreme Court's recent decision in *McLaughlin v. McKesson* has turned

that well-settled precedent on its head.[1] *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,* 606 U.S. 146 (2025). In *McLaughlin,* the Supreme Court held that courts of appeals do not have exclusive jurisdiction to review and consider the validity of the FCC's interpretations of the TCPA, and that the Hobbs Act does not preclude district courts from disagreeing with the FCC's interpretations of the TCPA. *Id.* at 160-162. Thus, the holding in *McLaughlin* makes it so this Court should independently, and with "appropriate" deference to the FCC's interpretation of the TCPA, use ordinary principles of statutory interpretation to assess Defendant's argument that the term "residential subscribers" excludes cell phone users. *Id.* at 155.

Following *McLaughlin,* Chief District Judge May conducted an independent statutory analysis of this same question – whether the protections of the TCPA apply to cell phone users in *Isaacs v. USHealth Advisors*. No. 3:24-CV-00216-LMM, 2025 WL 2268359 (N.D. Ga. Aug. 7, 2025). After reviewing the text and the purpose of the TCPA, Chief Judge May concluded that both indicate that the type of phone technology – cellular or landline – is not determinative of whether an individual is entitled to the protections of the TCPA. *Id.* at *3-4. In a later case,

---

[1] This case was stayed in October 2024 pending the issuance of the Supreme Court's decision in *McLaughlin*. (*See* Docket Order, October 15, 2024). After *McLaughlin* was decided, the parties acknowledged the change in controlling law in their respective Notices of Supplementary Authority. (*See* Doc. 23 (Plaintiff's Notice of Filing of Supreme Court's decision in *McLaughlin*); Doc. 24 (Defendant's Supplemental Brief in Support of Motion to Dismiss); Doc. 25 (Plaintiff's Notice of Supplemental Authority)). Given the *McLaughlin* decision, Plaintiff withdrew in its Notice the argument that the Court is bound by the 2003 FCC Order. (Doc. 23 at 2). Other than that withdrawal, the parties' arguments remain unchanged.

District Judge Jones also agreed with Chief Judge May's analysis, holding that a cell phone user qualified as a "residential telephone subscriber," and that the type of technology used was irrelevant to determining whether the TCPA's protections applied. *Radvansky et al., v. Bubulo Medical, LLC,* No. 1:24-CV-04365-SCJ, 2025 WL 3306417 at *2 (N.D. Ga. Aug. 15, 2025).

The Court agrees with Chief Judge May's and Judge Jones's assessments that the plain text of the TCPA indicates that it protects the privacy interests of a certain type of *subscriber,* not a certain type of *technology.* Plaintiff is correct that Congress used the term "residential telephone *line*" in other sections of the TCPA that regulate specific types of technology. *See, e.g.,* 47 U.S.C. § 227(b). As Chief Judge May reasoned in *Isaacs,* had Congress intended to limit the protections of Section 227(c) to types of telephone technologies rather than types of telephone subscribers, it would have done so by using the term "residential telephone *line*" in this section instead. *Isaacs,* 2025 WL 2268359, *3.

Moreover, on a practical level, the Court notes that Defendant's interpretation – that the TCPA's protections only apply to landline phones – is untenable in today's world. The reality is that most individuals today utilize cell phones as the primary, and sometimes only, telephone in their residence. If the TCPA were to only apply to a landline user but not a cell phone user, a tremendous number of individuals' privacy interests would remain unprotected. This interpretation would be inconsistent with the "government interest articulated in the legislative history of the Act," which was to broadly protect residential privacy.

*Id.* at *4 (citing *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1255-56 (11th Cir. 2014) (quoting *Maryland v. Univ. Elections, Inc.,* 729 F.3d 370, 376-77 (4th Cir. 2013))).

The Court is further bolstered in its assessment that the protections of the TCPA apply to cell phone users by the fact that since *McLaughlin*, various other courts across the nation have also reached the same determination. *See, e.g., Harriel v. Bealls, Inc.,* No. 8:25-CV-1165-TPB-SPF, 2025 WL 2379617 at *2 (M.D. Fla. Aug. 15, 2025) (holding, after exercising independent judgment on the issue, that the FCC's interpretation of the TCPA to include cell phone users was "persuasive and accurate"); *Wilson v. Hard Eight Nutrition LLC,* No 6:25-CV-00144-AA, 2025 WL 1784815 at *4-6 (D. Or. June 27, 2025) (holding the same and noting that the defendant's interpretation – that the TCPA did not protect cell phone users – "conflicts with the express aim of the TCPA"); *Dobronski v. CHW Grp., Inc.,* No 24-CV-11649, 2025 WL 2426370 at *6 (E.D. Mich. Aug. 21, 2025), motion to certify appeal denied, No. 24-CV-11649, 2025 WL 3068732 (E.D. Mich. Nov. 3, 2025) (holding the same).

Having agreed with many courts that a "residential subscriber," as used in the TCPA, is a person who maintains a phone for residential or personal purposes rather than for commercial or business purposes, the Court now turns to the question of whether Plaintiff qualifies as such. Here, Plaintiff has alleged that he is a subscriber of cellular telephone services. (Compl., Doc. 1 ¶ 16). He also alleges that he uses his cell phone "for personal, or residential, purposes." (*Id.* ¶ 17). There

is no indication that Plaintiff uses his cell phone for business purposes, and Defendant does not argue otherwise. At this juncture, the Court is satisfied that Plaintiff has plausibly alleged that he is a "residential subscriber," meaning that he is entitled to the protections afforded by the TCPA. The Court therefore rejects Defendant's only argument supporting its Motion to Dismiss that the TCPA's protections do not apply to Plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. (Doc. 10). Considering the nature of this dispute, as well as the fact that this Defendant was able to resolve a similar dispute in this District Court through mediation earlier this year (*see Radvansky v. Maelys Cosmetics USA, Inc.,* No. 3:23-cv-00202-TCB (N.D. Ga. Jan. 3, 2025)), the Court believes the parties would benefit by mediating this case at this juncture. The Court therefore **ORDERS AND REFERS** this case to the Chief Magistrate Judge for assignment to the next magistrate judge available on the wheel for mediation.

In the meantime, the parties are **DIRECTED** to exchange initial disclosures, conduct the Rule 26(f) early planning conference, and file the joint preliminary report and discovery plan within 14 days of the date of this Order.

**IT IS SO ORDERED** this 10th day of December, 2025.

_____
**Amy Totenberg**
**United States District Judge**